

# THE ATTORNEY GENERAL.
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

March 2, 1955

Mr. M. B. Morgan
Commissioner
Bureau of Labor Statistics
Capitol Station
Austin 11, Texas

Opinion No. S-153

Re: Applicability of the
Private Employment
Agency Law, Article
5221a-6, V.C.S., to
a voluntary associa-
tion of undergraduate
and vocational nurses.

Dear Mr. Morgan:

Your request for an opinion relates to a group of undergraduate and licensed vocational nurses who have organized a voluntary association and set up a non-profit nurses registry to which they pay monthly dues or assessments to pay the registrar's salary and incidental expenses of the registry.

It has been reported to your office that the association registrar makes placements for the member nurses by contacting hospitals and offering to supply nurses when they are needed. The nurse is usually engaged by the hospital and paid by the patient for her services.

In view of the above facts you ask these questions which we paraphrase as follows:

1. Would the practice of solicitation or advertisement either for members for the association or for employment for the members of such association make the association subject to the Private Employment Agency Law?

2. If the above question is answered in the negative, to what extent may such association go in the solicitation of membership as well as soliciting employment for the members of the association through hospitals and physicians without being in violation of the Private Employment Agency Law. Would such registrar be prohibited from recommending to the various hospitals that they use the service of the registry?

The sections of the Private Employment Agency Law, Article 5221a-6, Vernon's Civil Statutes, pertaining to your questions are:

"Section 1, (e) 'Private Employment Agent' means any person in this State who for a fee or without a fee offers or attempts to procure employment for employees. . ."

"Section 2. . . . The provisions of this Act shall not apply . . . to any nurses' organization operated without profit when conducted by registered nurses for the enrollment of its professional members only for the purpose of providing professional service to the public; . . ."

The question which arises is whether this association is within the exemption set out in Section 2 above. In Attorney General's opinions numbered O-6879 (1945) and O-7369 (1946) this office passed on the question of membership fees charged by a nurses organization. In O-7369 it is stated:

"The facts indicate that a group of undergraduate and practical nurses are seeking to form a voluntary association and hire a person to keep a record of their employment and assess themselves a sufficient amount per month to pay the salary of the person so employed, and all other incidental expenses. It is the opinion of this department that such voluntary organization does not come within the definition of an employment or labor agent. . ."

These opinions were rendered under Section 2 of Article 5221a-4, V.C.S., which provided for the exemption in these words:  ". . . the provisions of said Act shall not apply . . . to any nurses' organizations operated not for profit, to be conducted by recognized professional registered nurses for the enrollment of its professional members only for the purpose of providing professional service to the public."

Said section was repealed and reenacted by Section 2 of Article 5221a-6 above. The only difference was the omission of the words "recognized professional" from the current act. Thus under the facts given and in accord with our prior opinions we must hold that this association would be within the exception given in Section 2 of the Act.

Having placed this Association within the exception given in Section 2, we turn to your first question which is that when there has been an overt act of solicitation of members or an attempt to procure employment for the members of the Association is the Association within the exception?

Once an organization has met the tests of profit and control, which were the basis of opinions O-5424, O-6879, and O-7369, the fact that the modus operandi of the organization as to procurement of employment may be similar to organizations operating for profit would not change the basic structure of the organization nor the reason for allowing such exception. The Legislature stated in the Article in question, "for the purpose of providing professional services to the public," which would reasonably contemplate some kind of advertisement or active campaign to make hospitals and physicians as well as the public aware of the professional services which can be rendered by the nurses.

It is our opinion that your first question should be answered negatively. As to your second question which deals with the extent of such solicitation, it is our opinion that this would be a subject to be governed by the ethics of the societies of which these nurses are members.

## SUMMARY

Solicitation of members and employment by an association of undergraduate and licensed vocationsl nurses does not remove such organization from the exception provided in Section 2 of Article 5221a-6a, V.C.S.

The extent to which such organization may go to procure employment for its members is to be governed by the societies in which said nurses are registered.

APPROVED:

J. Fred Jones
State Affairs Division

J. A. Amis, Jr.
Reviewer

John Reeves
Reviewer

Robert S. Trotti
First Assistant

LHW: amm

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By _Lawrence H. Warburton Jr_
    Lawrence H. Warburton, Jr.
    Assistant